1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

| | |
|---|---|
| **REGINALD GARY,** | |
| Plaintiff, | |
| **v.** | |
| **K. HAWTHRON, et al.,** | |
| Defendants. | |

CASE No. 06cv1528 WQH (PCL)

**REPORT AND RECOMMENDATION RE DENIAL OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DOC. No. 10]**

18

### I. INTRODUCTION

19      On July 25, 2006, Reginald Gary ("Plaintiff"), a state prisoner currently incarcerated at Tehachapi

20  State Prison, proceeding pro se and in forma pauperis, filed a Complaint pursuant to 28 U.S.C. § 1983.

21  (Doc. No. 1)  Now before the Court is Defendants' Motion to Dismiss the Complaint for insufficient

22  service of process.  (Doc. No. 10)  After reviewing Defendants' motion, Plaintiff's Opposition, and

23  Defendants' Reply, the Court recommends that Defendants' Motion to Dismiss be **DENIED**.

24      ### II.  PROCEDURAL BACKGROUND

25      On July 25, 2006, Plaintiff filed a Complaint pursuant to 28 U.S.C. § 1983 alleging that he has been

26  deprived of pain and asthma medication while incarcerated at the Richard J. Donovan Correctional

27  Facility ("RJD") in violation of his Eighth Amendment rights to the federal Constitution.  (Doc. No. 1)

28  Plaintiff named seven Defendants in the action: (1) Arnold Schwarzenegger, the Governor of California;

1                                                                  06cv1528

1   (2) James E. Tilton, the Director of the Department of Corrections and Rehabilitation; (3) Robert J.

2   Hernandez, the Warden of RJD; and (4) C. Marsh, K. Hawthron, K. Dumas, and Susan Pasha, each

3   health care providers at RJD.  (Doc. No. 1)

4          On September 5, 2006, this Court issued an order granting Plaintiff in forma pauperis status,

5   finding the Complaint survived the sua sponte screening required by 28 U.S.C. §§ 1915(e) and 1915A,

6   and directing the U.S. Marshal to effect service of summons and the Complaint pursuant to Fed.R.Civ.P.

7   4(c)(2) and 28 U.S.C. § 1915(d).  (Doc. No. 6)  On September 11, 2006, the Clerk issued the summons,

8   and provided Plaintiff with a certified copy of his Complaint and U.S. Marshal Forms 285 to be

9   completed for each defendant.  (Doc. No. 7)

10          On October 5, 2006, Petitioner mailed a "Proof of Service by Mail" to the Court stating that he had

11   mailed a copy of the Complaint and a summons to each Defendant, the U.S. Marshal, and the U.S.

12   District Court.  (Doc. No. 9)  Mistakenly, the Court docketed the "Proof of Service by Mail" as the

13   "Summons Returned Executed by Reginald Gary."  (Doc. No. 9 before modification)  The docket

14   mistakenly  reflected each Defendant was served with the summons on September 26, 2006, and,

15   therefore, their answers to the Complaint were due on October 16, 2006.  (Id.)

16          On November 9, 2006, Defendants filed the instant Motion to Dismiss ("Mot.") on the grounds that

17   Plaintiff's "Proof of Service by Mail" was insufficient service of process.  (Doc. No. 10; Mot. at 2 & 4.)

18          On November 13, 2006, a U.S. Marshal Service Form 285 Process Receipt and Return of summons

19   as to each Defendant except Arnold Schwarzenegger was returned unexecuted, with notations by the

20   U.S. Marshals indicating they were "unable to serve" because the Plaintiff had only provided them with

21   the P.O. box address for the prison where the defendant correctional officers were employed.  (Doc.

22   Nos. 11-16.)  Plaintiff apparently modified his USM 285's on or about November 16, 2006 to include

23   the prison's street address for purposes of re-serving Defendants K. Hawthron, Susan Pasha, Robert

24   Hernandez, C. Marsh, and K. Dumas.  (See Doc. Nos. 18-21, 26 before and after modification.)  On

25   December 20, 2006, Defendants K. Hawthron, Susan Pasha, Robert Hernandez, and C. Marsh, filed

26   their waivers of personal service and Plaintiff's revised USM Form 285s were returned indicating that

27   service had since been executed.  (Doc. Nos. 18-21)  Also on December 20, 2006, Petitioner filed his

28   Opposition ("Opp.") to Defendants' Motion to Dismiss.  (Doc. No. 23)  On December 21, 2006,

1   Defendants filed a Reply ("Reply") to Plaintiff's Opposition.  (Doc. No. 24)  On December 22, 2006,

2   however, the Clerk entered a notation in the docket indicating on one of Plaintiff's renewed USM

3   Marshal Form 285's that the summons as to Defendants K. Dumas **and** Arnold Schwarzenegger was

4   returned unexecuted because a motion to dismiss had been filed on their behalf.  (See Doc. No. 26

5   before modification.)

6   On January 8, 2007, docket numbers 9 and 18-21 were modified.  Specifically, docket number 9

7   was modified to reflect that Plaintiff's "Proof of Service" was *not* the U.S. Marshal Form 285 Receipt

8   and Return of Summons indicating service had been executed, and all deadlines as to when Defendants'

9   answers were due were terminated.  (Doc. No. 9.)  Docket numbers 18-21 were further modified to

10  reflect that Plaintiff has successfully completed revised US Marshal 295 Forms and executed the

11  summons as to Defendants K. Hawthron, Susan Pasha, Robert Hernandez, and C. Marsh, and that

12  waivers were filed on their behalf pursuant to FED.R.CIV.P. 4(d), rendering their answers due on

13  February 16, 2007.  (Doc. Nos. 18-21.)  On January 9, 2007, docket number 26 was also modified to

14  reflect that while the summons issued to Defendant K. Dumas was executed and his answer was due on

15  February 5, 2007, no such return of service, either executed or unexecuted, was ever filed as to

16  Defendant Schwarzenegger.  (Doc. No. 26.)  Finally, on January 19, 2007, the Court granted Defendant

17  K. Dumas an extension of time to file his Answer.  (Doc. No. 28.)

18  ### III.  STANDARD OF REVIEW

19  Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a court to dismiss an action for

20  insufficient service of process.  FED.R.CIV.P. 12(b)(5).  Under Rule 12(b)(5), a defendant may object to

21  the plaintiff's failure to comply with the procedural requirements for proper service set forth in or

22  incorporated by FED.R.CIV.P. 4.  See 5A Wright & Miller, FED.PRACT.& PROC., § 1353 (2d ed. 1990 &

23  Supp. 1999).  However, Rule 12(b)(5) should be used only to raise those objections that deal with the

24  manner in which service is made, not in determining the court's power to adjudicate defendants' rights

25  and liabilities.  Id.

26  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

27          [i]f service of the summons and complaint is not made upon a defendant
            within 120 days after the filing of the complaint, the court upon motion or on
28          its own initiative after notice to the plaintiff, shall dismiss the action with
            prejudice as to that defendant or direct that service be effected within a

1

2

specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

3

FED.R.CIV.P. 4(m).

4

In cases involving a plaintiff proceeding in forma pauperis, the U.S. Marshal, upon order of the

5

Court, shall serve the summons and the complaint upon defendants. FED.R.CIV.P. 4(c)(2). "[A]n

6

incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for

7

service of the summons and complaint, and having provided the necessary information to help effectuate

8

service, plaintiff should not be penalized by having his action dismissed for failure to effect service

9

where the U.S. Marshal or the court clerk has failed to perform his duties." Puett v. Blandford, 912 F.2d

10

270, 275 (9th Cir. 1990). So long as the prisoner has furnished the information necessary to identify the

11

defendant, the Marshal's failure to effect service of process is automatically good cause with the

12

meaning of FED.R.CIV.P. 4(m). See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (abrogated

13

on other grounds by Sandin v. Connor, 515 U.S. 472 (1995)).

14

## IV. DISCUSSION

15

At the time Defendants initially filed the instant Motion to Dismiss, none of the Defendants named

16

in Plaintiff's Complaint had been properly served. However, the docket mistakenly reflected that

17

Defendants were properly served based on Plaintiff's "Proof of Service by Mail." Thus, Defendants'

18

filed their Motion to Dismiss in response to Plaintiff's "Proof of Service by Mail," in order to argue that

19

service upon them was insufficient. (Mot. at 2 & 4.) Since the docket has since been modified to

20

accurately reflect the procedure by which Plaintiff has now managed to effect service, via the U.S.

21

Marshal as to each Defendant except Schwarzenegger, Tilton, and Dumas, Defendants' Reply now asks

22

that their Motion to Dismiss be withdrawn as to all Defendants except Defendants Schwarzenegger,

23

Tilton, and Dumas. (See Reply at 2.)

24

At the time Defendants' Reply was filed on December 21, 2006, Defendant Dumas had not been

25

properly served. However, on January 9, 2007, the U.S. Marshal Form 285 Process Receipt and Return

26

was filed indicating Defendant Dumas' waiver of personal service. (See Doc. No. 26, as modified.)

27

Therefore, it is recommended that Defendants' Motion to Dismiss as to Defendant Dumas be **DENIED**

28

as **MOOT**, and Defendants' Motion to Dismiss as to Defendants Hernandez, C. Marsh, K. Hawthron, K.

06cv1528

1   Dumas, and Susan Pasha be **WITHDRAWN**.  The Court will now consider the remainder of

2   Defendants' Motion to Dismiss for improper service as to Defendants Schwarzenegger and Tilton only.

3   / / /

4        Petitioner claims that he properly served Defendants Schwarzenegger and Tilton, because he

5   completed the U.S. Marshal Form 285s as to each of them and forwarded them to the U.S. Marshal

6   along with the summons and certified copy of his Complaint; however, he has not yet received proof

7   that the U.S. Marshal has executed service as to these Defendants.  (See Pet. at 4-5.)  Petitioner contends

8   that the only address that he has for Defendant Tilton, who is the Secretary of the California Department

9   of Corrections and Rehabilitation, is a P.O. Box in Sacramento that he found on a CDC Inmate/Parolee

10  Form 602 kept by the prison.  (Id. at 4.)  Petitioner claims that he has done all he is required to do, and

11  has been diligent in providing direction to the U.S. Marshal as to where Defendant Tilton may be found,

12  and any delay was caused by the Marshals.

13       This Court agrees with Plaintiff.  The delay in serving Defendant Tilton here has been caused by

14  the Marshals' refusal to "serve a P.O. Box address."  Plaintiff, however, has sufficiently identified

15  James E. Tilton as the Director of Corrections and has provided a P.O. Box address for Tilton in

16  Sacramento (Doc. No. 15).  See Walker, 14 F.3d at 1422.  If the U.S. Marshals attempted service by

17  mail on Tilton at the P.O. Box provided by Plaintiff and the summons was returned to the U.S. Marshal

18  Service as undeliverable, *then* it was Plaintiff's obligation to acquire better or more accurate information

19  as to where Tilton might be served.  However, as far as this Court is aware, Plaintiff has furnished

20  enough of the information necessary to identify Defendant Tilton, and the fact that he provided a P.O.

21  Box address where Tilton could be served *by mail* is not of issue,[1] as it does not obviate the Marshal's

22  statutory obligation to effect service pursuant to Rule 4(c)(2), 28 U.S.C. § 1915(d), and as directed by

23  Plaintiff on the U.S. Marshal 285 Forms provided to him.  See Sept. 5, 2006 Order at 4.  It is not within

24  the U.S. Marshal's Office purview to simply refuse to attempt to serve defendants *by mail* at a P.O. Box

25  address, if that is the only information provided by Plaintiff, especially since this Court ordered them to

26  do so.  See Puett, 912 F.2d at 275 ("[A]n incarcerated pro se plaintiff proceeding *in forma pauperis* is

27

28       [1] For example, in the Southern District, see Janoe v. Stone, 06cv1511 [Doc. No. 14]; and Mitchell v. CDC, 01cv2126 [Doc. Nos. 16-34].

1  entitled to rely on the U.S. Marshal for service of the summons and complaint, and having provided the

2  necessary information to help effectuate service, plaintiff should not be penalized by having his or her

3  action dismissed for failure to effectuate service.").   In fact, it is the Court's understanding that the U.S.

4  Marshal Service routinely attempts to first effectuate service of process *by mail*, anticipating that the

5  Office of the Attorney General, which represents a vast majority of all state correctional officer

6  defendants in § 1983 cases filed by prisoners, will thereafter file a waiver of personal service filed on

7  behalf of each defendant pursuant to FED.R.CIV.P. 4(d) & (e).[2]  Since this is the traditional course of

8  business, it is unclear why the U.S. Marshal is "unable" to effect such service upon a state prison official

9  with only a P.O. Box address.  In fact, the CDCR's website lists *both* P.O. boxes and street addresses for

10  each institution, and mail directed *to* prisoners must be addressed to the institutional post office box, not

11  the prison's street address.  See http://www.cdcr.ca.gov/Visitors/facilities.html (last visited Jan. 30,

12  2007).

13       As to Defendant Schwarzenegger, according to the U.S. Marshal Service, the USM Form 285

14  Plaintiff completed for Schwarzenegger, the summons, and a certified copy of Plaintiff's Complaint *was*

15  delivered, by certified mail, to a correct address for the Governor on November 6, 2006.  The Court has

16  confirmed that the CDCR's website lists the proper mailing address for Schwarzenegger as:

17            Governor Arnold Schwarzenegger
            State Capitol Bldg
18            Sacramento CA 95814

19

20

---

21       [2] In the absence of a waiver of service, the Summons and Complaint may be served by (1) delivering
a copy of the Summons and Complaint to the individual personally; (2) leaving copies of the documents at
22  the individual's dwelling house or usual place of abode with some person of suitable age and discretion then
residing therein; or (3) by delivering a copy of the documents to an agent authorized by appointment or by
23  law to receive service of process. FED.R.CIV.P. 4(e)(2).  Service may also be effected under the law of
California or the law of the state in which service is effected. FED.R.CIV.P. 4(e)(1).  Under California law,
24  service may be effected by the following means: (1) personal service (CAL. CIV. PROC. CODE § 416.90); (2)
if a copy of the summons and complaint cannot by reasonable diligence be personally delivered, a summons
25  and complaint may be left at the person's dwelling house, usual place of abode, usual place of business, or
usual mailing address (other than a post office box) in the presence of a competent member of the household
26  or a person apparently in charge of the place of business or usual mailing address, who is at least 18 years
of age and who shall be informed of the contents thereof; a copy of the Summons and Complaint must be
27  subsequently mailed by first-class mail to the person to be served at the place where a copy of the summons
and complaint were left (service being deemed complete on the 10th day after mailing) (CAL. CIV. PROC.
28  CODE § 415.20(b)); or (3) by mail, only if the person to be served executes an acknowledgment of receipt
of summons as provided in CAL. CIV. PROC. CODE § 415.30.

1  See http://gov.ca.gov/site/contact-governor (last visited Jan. 30, 2007).  To date, there is no indication in

2  the Court's docket that service upon Schwarzenegger has been returned unexecuted.

3      For these reasons, the Court recommends that Defendants' Motion to Dismiss be **DENIED** as to

4  both Tilton and Schwarzenegger and that Plaintiff be granted an extension of time pursuant to

5  FED.R.CIV.P. 4(m) to complete service upon these two remaining Defendants via the U.S. Marshal.

6  District courts have broad discretion under Rule 4(m) to extend time for service even without a showing

7  of good cause.  In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001).  A district court may, for instance,

8  extend time for service retroactively after the 120-day service period has expired.  Mann v. American

9  Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003).   Here, although Plaintiff does not expressly seek a Rule

10  4(m) extension, the time 120 day clock for service has already expired and good cause exists warranting

11  an extension.  See Walker, 14 F.3d at 1422 (holding that so long as the prisoner has furnished the

12  information necessary to identify the defendant, the marshal's failure to effect service of process is

13  automatically good cause within the meaning of FED.R.CIV.P. 4[m].).

**V.**

**CONCLUSION AND RECOMMENDATION**

16      Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the District Court:

17      1.  Find **MOOT** Defendants' Motion to Dismiss as to Defendant K. Dumas;

18      2.  Find Defendants' Motion to Dismiss as to Defendants Hernandez, C. Marsh, K. Hawthron, K.

19  Dumas, and Susan Pasha **WITHDRAWN**;

20      3.  **DENY** Defendants' Motion to Dismiss as to Defendants Schwarzenegger and Tilton;

21      4.  **GRANT** Plaintiff an extension of time to effectuate service until such time as the Marshals

22  make a good faith effort to effectuate service upon Defendants Schwarzenegger and Tilton pursuant to

23  FED.R.CIV.P. 4(m).

24      5.  **DIRECT** the Clerk to issue a duplicate "IFP package," which includes a certified copy of his

25  Complaint, a copy of the original September 5, 2006 Order granting IFP and directing U.S. Marshal

26  service, a duplicate summons and two additional blank U.S. Marshal 285 Forms, and mail it to Plaintiff

27  in order that he may re-attempt service upon Defendants Tilton and Schwarzenegger via the U.S.

28  Marshal within a date certain.

06cv1528

1    6. **CAUTION** Plaintiff to include on his new U.S. Marshal 285 Forms any and all information he

2    has, or has since acquired, related to the proper P.O. Box **and/or** street addresses where both Defendants

3    Tilton and Schwarzenegger may be served either personally or by mail.

4    / / /

5    7. **RE-DIRECT** the U.S. Marshal to effect service upon Defendants Tilton and Schwarzenegger

6    pursuant to FED.R.CIV.P. 4(c)(2), 28 U.S.C. § 1915(d), within a reasonable time after which Plaintiff

7    provides them with his re-newed USM Form 285's.

8    This Report and Recommendation will be submitted to the United States District Judge William Q.

9    Hayes pursuant to the provisions of 28 U.S.C. 636(b)(1).  Any party may file written objections with the

10   Court and serve a copy on all parties no later than **February 12, 2007**.  The document should be

11   captioned "Objections to Report and Recommendation."  Any reply to the objections shall be filed with

12   the Court and served on all parties no later than **February 20, 2007**.  The parties are advised that failure

13   to file objections with the specified time may waive the right to raise those objections on appeal of the

14   Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

15   1153, 1156 (9th Cir. 1991).

16   DATED:  February 2, 2007

17

18   _____
     Peter C. Lewis

19   U.S. Magistrate Judge
     United States District Court

20

21

22

23

24

25   cc:  The Honorable William Q. Hayes
          All Counsel of Record

26

27

28