1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REGINALD GARY,**            Plaintiff, <br><br> v. <br><br> **K. HAWTHRON, et al.,** <br><br>            Defendants. | CASE No. 06cv1528 WQH (PCL) <br><br> **REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [Doc. 30.]** <br><br> **[FED. R. CIV. P. 12(b)(1) & 12(b)(6)]** |

## I. INTRODUCTION

On July 25, 2006, Reginald Gary ("Plaintiff"), a state prisoner currently incarcerated at Tehachapi

State Prison, proceeding pro se and in forma pauperis, filed a complaint pursuant to 42 U.S.C. § 1983.

(Doc. 1.)  Now before the Court is Defendants' Motion to Dismiss the complaint pursuant to FED. R.

CIV. P. 12(b)(1) and 12(b)(6).  (Doc. 30.)  After reviewing Defendants' motion and all accompanying

documents, the Court recommends that Defendants' Motion to Dismiss be granted.

## II.  BACKGROUND

Plaintiff filed a section 1983 complaint alleging that he has been deprived of pain and asthma

medication and has been denied access to prison programs and a job because of his disability while

incarcerated at the Richard J. Donovan Correctional Facility ("RJD").  (Doc. 1 at 1-6.)  He alleges

violations of his rights under the Eighth Amendment to the federal Constitution, Title II of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and the Rehabilitation Act

1   of 1973 ("RA"), 29 U.S.C. § 701 et seq.  (Id.)  Plaintiff named seven Defendants in the action: Arnold

2   Schwarzenegger, the Governor of California; James E. Tilton, the Director of the Department of

3   Corrections and Rehabilitation; Robert J. Hernandez, the Warden of RJD; and C. Marsh, K. Hawthron,

4   K. Dumas, and Susan Pasha, each health care providers at RJD.  (Id.)  Plaintiff sued Defendants Arnold

5   Schwarzenegger, Robert J. Hernandez, and James Tilton in their official capacities only, and he sued

6   Defendants K. Hawthron, K. Dumas, Susan Pasha, and C. Marsh in their individual capacities only.  (Id.

7   at 3-4.)  Plaintiff sued Defendant C. Marsh for violations of the ADA and RA, and he sued all

8   Defendants for violation of his Eighth Amendment rights.  (Id.)  In addition to money damages, Plaintiff

9   is requesting declaratory and injunctive relief in general, and, in particular, in the form of better medical

10  staffing and screening procedures for all prison inmates.  (Id. at 7-10.)

11      On November 9, 2006, Defendants filed a motion to dismiss Plaintiff's complaint for insufficient

12  service of process.  (Doc. 10.)  The Court denied Defendants' motion.  (Docs. 29 and 38.)  On February

13  16, 2007, Defendants Hawthron, Dumas, Pasha, Hernandez, and Marsh filed another motion to dismiss

14  Plaintiff's complaint, (doc. 30), the subject of the instant report and recommendation.  Defendants argue

15  that this Court should (1) decline to exercise subject-matter jurisdiction over Plaintiff's claims for

16  injunctive and declaratory relief with regard to prison medical services because these issues have been

17  resolved before another federal court in Plata v. Schwarzenegger, No. 01-1351 (N.D. Cal. Feb. 14,

18  2006), (doc. 30, parts 3 and 4); (2) dismiss both the ADA and RA claims against Marsh because he was

19  sued solely in his individual capacity; and (3) dismiss the section 1983 claim as to Defendant Hernandez

20  because he was sued solely in his official capacity.  (Doc. 30, part 2, at 3.)

### III.  STANDARD OF REVIEW

22      FED. R. CIV. P. 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to

23  dismiss, including for "lack of jurisdiction over the subject matter," FED. R. CIV. P. 12(b)(1), and for

24  "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6).

25      Under 12(b)(1), the plaintiff has the burden of establishing subject-matter jurisdiction.  Kokkonen

26  v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  There are two types of Rule 12(b)(1)

27  motions: (1) a facial attack on subject-matter jurisdiction based solely on the allegations made in the

28  complaint, see Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); or (2) a

1  factual attack on subject-matter jurisdiction that may be based on extrinsic evidence outside of the

2  pleadings, see White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  A 12(b)(1) motion to dismiss based

3  on the lack of third-party standing is a factual attack on a federal court's subject-matter jurisdiction.

4  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  With a factual attack, the moving party "disputes

5  the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction" by

6  presenting affidavits or other evidence supporting his motion.  Safe Air For Everyone v. Meyer, 373

7  F.3d 1035, 1039 (9th Cir. 2004).

8        Under 12(b)(6), a complaint may be dismissed for failure to state a cognizable legal theory or for

9  failure to state sufficient facts under a cognizable legal theory.  See Navarro v. Block, 250 F.3d 729, 732

10  (9th Cir. 2001).  Matters outside the pleadings are not to be considered in a FED. R. CIV. P. 12(b)(6)

11  motion.  See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003).

12                                    **IV. DISCUSSION**

13  **A.  Declaratory & Injunctive Relief Claims Regarding Medical Services Should Be Dismissed**

14        Defendants argue that this Court should decline to exercise subject-matter jurisdiction over

15  Plaintiff's claims for injunctive and declaratory relief in the form of better medical staffing and

16  screening procedures for all inmates because these issues have been resolved before another federal

17  court in Plata v. Schwarzenegger, No. 01-1351 (N.D. Cal. Feb. 14, 2006).  (Doc. 30, part 3.)  In Plata,

18  the United States District Court for the Northern District of California, District Judge Thelton

19  Henderson, appointed a receiver "to take control of the delivery of medical services to California state

20  prisoners confined by the California Department of Corrections and Rehabilitations."  (Id. at 2.)

21  Improving medical staffing and screening procedures are part of the appointed receiver's assigned tasks.

22  See Plata v. Shwarzenegger, No. 01-1351, 2005 WL 2932253, at *12 (N.D. Cal. Oct. 3. 2005).  Thus,

23  Defendants assert that Plaintiff should not be allowed to make a claim for relief based on the rights or

24  interests of third parties where their interests have already been provided for by another court.

25        The Supreme Court permits third-party standing where: (1) the plaintiff has "suffered an 'injury in

26  fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute"; (2)

27  the litigant has "a close relation to the third party"; and (3) there exists "some hindrance to the third

28  party's ability to protect his or her own interests."  Powers v. Ohio, 499 U.S. 400, 411 (1991) (internal

1   citations omitted).  As for the third requirement, the existence of a class-action lawsuit before another

2   federal court involving the same subject matter and raising the same claims as a litigant's lawsuit

3   weighs against finding some hindrance to the third party's ability to protect his interests.  Jacobson v.

4   Schwarzenegger, 357 F. Supp. 2d 1198, 1209 (C.D. Cal. 2004); see also Crawford v. Bell, 599 F.2d 890,

5   892-93 (9th Cir. 1979) (holding that district court may dismiss individual plaintiff's action where

6   plaintiff is a member of a pending class action raising the same claims).  In such a case, a district court

7   has discretion in determining whether or not to exercise jurisdiction in a matter over which another court

8   has jurisdiction and that plans to achieve the same result as requested by plaintiff.  Krug v. Lutz, 329

9   F.3d 692, 696 (9th Cir. 2003).

10       Here, California prison inmates have not been hindered from seeking judicial relief for inadequate

11   medical services.  They have sought and obtained judicial relief in the context of the Plata class action.

12   The equitable relief ordered in Plata provides California prison inmates most, if not all, of the relief that

13   Plaintiff is seeking in the present action on their behalf.  Specifically, the Northern District of California

14   is overseeing the overhaul of the entire prison medical system in California, including improving

15   medical staffing and screening procedures.  Thus, because the Court finds it prudential to deny Plaintiff

16   third-party standing to pursue claims of all prison inmates on matters covered by the Plata Order,

17   Plaintiff's declaratory and injunctive relief claims regarding medical services in California prisons

18   should be dismissed on 12(b)(1) grounds.[1]

19   **B.  RA and ADA claims made against Defendant C. Marsh Should Be Dismissed**

20       Defendants argue that the Court should dismiss the individual capacity claims under the RA and

21   ADA against Defendants Marsh, Dumas, Hawthorn, and Pasha.  However, the Court construes

22   Plaintiff's complaint as stating a claim under the RA and ADA against C. Marsh only.  Nowhere in

23   Plaintiff's pleadings does he state a claim under either the RA or ADA against Defendants Dumas,

24   Hawthorn, or Pasha.  Thus, the Court only considers whether the personal capacity claims made under

25   the ADA and RA as to Defendant C. Marsh should be dismissed.

26

27       [1] Plaintiff also makes a more general request for declaratory and injunctive relief.  For example,
     Plaintiff complains that he was denied the right to participate in prison programs including a prison job.
28   Equitable relief may still be a viable remedy that the Court can consider should Plaintiff state and prove a
     valid claim against a party to the litigation.

1    In <u>Vinson v. Thomas</u>, 288 F.3d 1145 (9th Cir. 2002), the Ninth Circuit held that "a plaintiff cannot

2    bring an action under 42 U.S.C. § 1983 against a State official in [his or] her individual capacity to

3    vindicate rights created by Title II of the ADA or Section 504 of the Rehabilitation Act." <u>Id.</u> at 1156.

4    The comprehensive remedial scheme of those Acts bar such claims.  <u>Id.</u>  Here, Plaintiff made only an

5    individual capacity claim against Dr. Marsh, a state official, under 42 U.S.C. § 1983, alleging violations

6    of Title II of the ADA and section 504 of the RA.  Thus, the RA and ADA claims made against

7    Defendant Marsh should be dismissed from Plaintiff's complaint on 12(b)(6) grounds.

8    **C.  Defendants Hernandez, Tilton, and Schwarzenegger Should be Dismissed**

9    Defendants argue that Defendant Hernandez should be dismissed because he, being a state official

10   sued in his official capacity under section 1983 for violations of Plaintiff's Eighth Amendment rights, is

11   immune from suit in federal court under the Eleventh Amendment to the U.S. Constitution and the text

12   of the Civil Rights Act, 42 U.S.C. § 1983.  The Court is also obligated to consider whether Defendants

13   Schwarzenegger and Tilton, whom Plaintiff also sued in their official capacities under section 1983 for

14   violations of Plaintiff's Eighth Amendment rights, should also be dismissed for the same reason.  <u>See</u> 28

15   U.S.C. § 1915(e)(2).[2]

16   In <u>Quern v. Jordan</u>, 440 U.S. 332 (1979), the U.S. Supreme Court held that the Eleventh

17   Amendment bars suit against a state absent its consent.  <u>Id.</u> at 341.  Eleventh Amendment immunity also

18   extends to "actions against state officers sued in the official capacities because such actions are, in

19   essence, actions against the governmental entity of which the officer is an agent."  <u>Jackson v.</u>

20   <u>Hayakawa</u>, 682 F.2d 1344, 1350 (9th Cir. 1982) (citations omitted).  There is an exception to this rule,

21   however: When sued for equitable relief in his official capacity, a state official sued would be a person

22   under section 1983 and would not be protected by Eleventh Amendment immunity because "official-

23   capacity actions for prospective relief are not treated as actions against the state."  <u>Kentucky v. Graham</u>,

24   473 U.S. 159, 167 n.14 (1985).

25   Here, Plaintiff has demanded both monetary damages as well as declaratory and injunctive relief

26   from Defendants Hernandez, Tilton, and Schwarzenegger for violating Plaintiff's Eighth Amendment

27

28   _____

[2] The Prison Litigation Reform Act obligates the Court to review complaints by all prisoners proceeding IFP.  Under this statue, the Court must sua sponte dismiss any such complaint or portion thereof that fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

1  rights to adequate medial services and from undue medical danger.  As recommended in Part A,

2  Plaintiff's equitable relief claims regarding medical services against all Defendants should be dismissed

3  from Plaintiff's complaint.  The only remaining claims against Defendants Hernandez, Tilton, and

4  Schwarzenegger are for money damages.  As such, all three Defendants are not "persons" for purposes

5  of section 1983 and are entitled to Eleventh Amendment immunity.  Accordingly, they should be

6  dismissed from the present lawsuit.

### V. CONCLUSION

8      For the reasons set forth above, the Court recommends the following: (1) the declaratory and

9  injunctive relief claims regarding medical services should be dismissed from Plaintiff's complaint; (2)

10  the ADA and RA claims made against Defendant C. Marsh should be dismissed from Plaintiff's

11  complaint; and (3) Defendants Hernandez, Tilton, and Schwarzenegger should be dismissed from

12  Plaintiff's complaint.  At this stage in the litigation, Plaintiff would be entitled to amend his complaint

13  to properly state causes of action against Hernandez, Tilton, or Schwarzenegger, or to state additional

14  claims against any of the other Defendants named in this lawsuit.  See FED. R. CIV. P. 15(a).

15      This Report and Recommendation is submitted to United States District Judge William Hayes,

16  pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States

17  District Court for the Southern District of California.

18      IT IS ORDERED that, **no later than August 8, 2007**, any party may file written objections to this

19  Report and Recommendation.  The document should be captioned "Objections to Report and

20  Recommendation."  Any reply to the Objections shall be filed **on or before August 17, 2007**.  The

21  parties are advised that failure to file either of these documents within the specified time periods may

22  waive the right to raise objections to the magistrate judge's findings of fact.  See Turner v. Duncan, 158

23  F.3d 449, 455 (9th Cir. 1998).

24  DATED: July 25, 2007

25

26  Peter C. Lewis
    U.S. Magistrate Judge

27  United States District Court

28  cc: District Judge Hayes; all parties of record