UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **REGINALD GARY,**<br>　　　　　　　　　　Plaintiff,<br>　　v.<br>**K. HAWTHRON, et al.,**<br>　　　　　　　　　　Defendants. | CASE No. 06cv1528 WQH (PCL)<br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT [Doc. 95.]**<br><br>**[FED. R. CIV. P. 56]** |

## I. INTRODUCTION

On July 25, 2006, Reginald Gary ("Plaintiff"), a state prisoner currently incarcerated at Avenal State Prison, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Family Nurse Practitioner Susan Pasha violated his Eighth Amendment rights while he was an inmate at R.J. Donovan Correctional Facility (RJDCF). (Doc. 1.) Now before the Court is Defendant's Partial Motion for Summary Judgment. (Doc. 95.) After reviewing Defendant's motion and all accompanying documents, the Court recommends that Defendant's motion be granted.

## II. BACKGROUND

Plaintiff has filed a section 1983 complaint alleging that he has been deprived of pain and asthma medication by Nurse Pasha while at RJDCF. (Doc. 1, at 4.) He alleges violations of his rights under the Eighth Amendment for deliberate indifference to his medical needs. (Id.) Plaintiff brings two claims under the Eighth Amendment: 1) he contends that Nurse Pasha ignored his needs for pain medication,

particularly for the drug Celebrex, between January and early September 2006; and 2) he claims that Nurse Pasha ignored his needs for asthma medication during the same period. (Id. at 9-10.) Defendant Pasha filed a motion of summary judgment with regard to the first claim only as there appears to be disputed facts in relation to the asthma medication issue. (Doc. 95-2, at 5.) The Court filed a Klingele / Rand Notice warning Plaintiff of Defendant's Motion for Summary Judgment and the requirements for opposing the motion. (Doc. 96.) On August 3, 2009, Plaintiff filed an opposition that argued that the orders denying his motion for appointment of counsel and his motion to compel production of documents were in error but did not offer any evidence rebutting Defendant's evidence in support of the instant motion. (Doc. 106.)

### III. DEFENDANT'S EVIDENCE

On August 3, 2005, Plaintiff was evaluated at RJDCF as a "new arrival" from Ironwood State Prison. (Doc. 95-3, at 16 (Baxter Decl., Exhibit A); see Doc. 95-4, at 21.) Plaintiff testified that he was transferred out of RJDCF on September 7, 2006. (Doc. 95-4, at 21 (Baxter Decl., Exhibit D).)

Defendant Nurse Susan Pasha of RJDCF started participating in Plaintiff's medical treatment on January 3, 2006. (Doc. 95-5, at 2 (Pasha Decl.).) On that date, Defendant gave Plaintiff a prescription of 800 mg tablets of Motrin (ibuprofen) for a one-month period. (Id.; see Doc. 95-3, at 55 (medical record).)

On January 9, 2006, Plaintiff submitted a 602 appeal form claiming that he had been deprived of pain medication for months and specifically requested 800 mg ibuprofen for neck pain. (Doc. 1, at 17.) The 602 appeal was granted on February 1, 2006 as the prescription for Motrin was filled on January 10, 2006. (Id.) In a deposition, Plaintiff acknowledged that he received approximately an eight-day supply of ibuprofen on either January 3 or 4 of 2006 and that he received a one-month supply of ibuprofen on January 10, 2006. (Doc. 95-4, at 32-34 (Baxter Decl., Exhibit D).) Although Plaintiff was given a prescription of one 800 mg ibuprofen tablet twice daily as needed, Plaintiff testified to taking six to eight pills a day. (Doc. 95-4, at 33-34 (Baxter Decl., Exhibit D).)

On February 14, 2006, Plaintiff filed a first formal-level appeal, claiming that he was out of pills and that his refill was overdue. (Doc. 1, at 17.) On February 27, 2006, Plaintiff was seen by Nurse Calderon, who recommended that he receive another one-month supply of 800 mg Motrin for his pain as

1  well as an x-ray of his left knee. (Doc. 95-5, at 2 (Pasha Decl.); see Doc. 95-3, at 21 (medical record).)
2  Defendant Pasha approved the recommendations and ordered them implemented. (Doc. 95-5, at 2-3.)
3  On March 3, 2006, Defendant Pasha examined Plaintiff's left knee and acknowledged that his 602
4  appeal of February 14, 2006 had been addressed when his medications were ordered on February 27,
5  2006. (Id. at 3.) Defendant also gave Plaintiff a supply of Motrin to alleviate his pain while he waited
6  for the pharmacy to fill his one-month supply of Motrin that had been ordered on February 27, 2006.
7  (Id.; see Doc. 95-3, at 21 (medical record).)

8  On March 19, 2006, Plaintiff submitted a medical form requesting medical attention for knee pain.
9  (Doc. 95-5, at 3.) On March 20, 2006, Defendant Pasha reviewed and signed a x-ray report issued by
10 Dr. Scott Harman, M.D., which showed "no osseous or soft tissue abnormalities" and a "[n]ormal left
11 knee." (Id. at 3-4; see Doc. 95-3, at 10 (medical record).) On the following day, Nurse Calderon
12 examined Plaintiff and recommended that he be sent to see Defendant Pasha. (Doc. 95-5, at 3.) On
13 March 26, 2006, Plaintiff submitted another medical form regarding knee pain. (Id. at 4.) Nurse
14 Calderon examined Plaintiff three days later and noted that Plaintiff had been scheduled to visit
15 Defendant Pasha in April 2006. (Id.)

16 On April 4, 2006, Defendant Pasha examined Plaintiff, took his vitals, and entered in a request for
17 him to receive an orthopedic referral for his knee pain. (Id.) She recommended that Plaintiff receive a
18 six-month supply of Tegretol, an anticonvulsant. (Id.) She also recommended that Plaintiff return for a
19 follow-up visit in five months. (Id.; see Doc. 95-3, at 30 (medical record).)

20 On May 4, 2006, Defendant Pasha ordered another six-month supply of Tegretol for Plaintiff and
21 scheduled a follow-up visit in one month. (Doc. 95-5, at 4; see Doc. 95-3, at 32 (medical record).)

22 On May 11, 2006, Defendant Pasha met again with Plaintiff, who insisted that he receive a
23 prescription for Celebrex to manage his pain. (Doc. 95-3, at 34 (medical record).) In a deposition,
24 Plaintiff insisted that he should have been given Celebrex instead of ibuprofen from the time he arrived
25 at RJDCF because his medical files from his time at Ironwood State Prison had so indicated. (Doc. 95-
26 4, at 34.) Defendant Pasha stated in a declaration that she had been electing to prescribe ibuprofen for
27 Plaintiff's pain management because "such treatment was a medically reasonable means of treating Mr.
28 Gary's reported pain symptoms. Ibuprofen is classified as a Non Steroidal Anti-Inflammatory Drug

(NSAID) that is recognized in the medical community as an effective pain medication." (Doc. 95-5, at 4.) Defendant Pasha declared that she was not made aware of any medical records or other sources that Plaintiff could be treated only with Celebrex, another NSAID. (Id. at 5.) Defendant stated that she had no reasonable basis to believe that ibuprofen was contraindicated for Plaintiff's condition. (Id.) Defendant confirmed that she was following the policy of RJDCF that inmates should first try formulary drugs like ibuprofen before being placed on non-formulary drugs like Celebrex. (Id.) Electing to give him Celebrex but warning him of the possible side effects, Defendant recommended that he receive a six-month supply at 100 mg dosage for his pain management. (Id.) Plaintiff started receiving Celebrex on May 12, 2006 and continued to receive it through September 2006 when Plaintiff left RJDCF and Defendant Pasha's care. (Doc. 95-4, at 120-22 (medical record).)

In that same May 11, 2006 appointment, Plaintiff also requested cortisone shots for his neck pain. (Doc. 95-5, at 5; Doc. 95-3, at 34 (medical record).) Defendant Pasha put in a request for him to be seen by a pain specialist to confirm his need for cortisone shots. (Doc. 95-5, at 5.) On June 26, 2006, Defendant Pasha reviewed and signed the June 19, 2006 consultation notes provided by Dr. Naga R. Thota, who concurred that Plaintiff receive three epidural injections for neck pain. (Doc. 95-5, at 5-6; Doc. 95-3, at 40 (medical record).) On June 27, 2006, Defendant Pasha entered an order for Plaintiff to receive the three epidural injections for his neck pain. (Doc. 95-5, at 6.) Plaintiff declared that he did receive the injections. (Doc. 95-4, at 83.)

Defendant Pasha declared that she at no time "ever taken any steps to cause delay in the execution of any of the recommendations [] put in for Mr. Gary to receive medical care." (Doc. 95-5, at 6.)

## IV. STANDARD OF REVIEW

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Adickes v. SH. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004). A motion for summary judgment under FED. R. CIV. P. 56 addresses the sufficiency of the evidence, or of the law, to support the plaintiff's claims. Warren v. City

of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248; Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. Soremekun, 509 F.3d at 984. Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. Id.; Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." Nissan Fire & Marine, 210 F.3d at 1102. If the moving party meets it initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire & Marine, 210 F.3d at 1103. The opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting FED. R. CIV. P. 56(e)).

The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See

Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587; Stegall v. Citadel Broad, Inc., 350 F.3d 1061, 1065 (9th Cir. 2003). Nevertheless, inferences are not drawn out of the air; rather, it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Juell v. Forest Pharms., Inc., 456 F. Supp. 2d 1141, 1149 (E.D. Cal. 2006); UMG Recordings, Inc. v. Sinnott, 300 F. Supp. 2d 993, 997 (E.D. Cal. 2004). "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." Del Carmen Guadalupe v.. Agosto, 299 F.3d 15, 23 (1st Cir. 2002); see Galen v. County of Los Angeles, 477 F.3d 652, 658 (9th Cir. 2007). Additionally, a "motion for summary judgment may not be defeated . . . by evidence that is 'merely colorable' or 'is not significantly probative.'" Anderson, 477 U.S. at 249; Hardage v. CBS Broad. Inc., 427 F.3d 1177, 1183 (9th Cir. 2006). Self-serving declarations, uncorroborated by other testimony or other persuasive evidence, cannot create a genuine issue of fact sufficient to defeat summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Moreover, while the court has the discretion in appropriate circumstances to consider materials that are not properly brought to its attention, the court is not required to examine the entire file for evidence establishing a genuine issue of material fact where the evidence is not set forth in the opposing papers with adequate references. See Southern Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). After discovery, if the nonmoving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment. See Nissan Fire & Marine, 210 F.3d at 1103.

## IV. DISCUSSION

Plaintiff claims that Defendant Nurse Pasha was deliberately indifferent to his medical needs in violation of the Eighth Amendment because she delayed giving him pain medication generally and, in particular, intentionally delayed giving him the drug Celebrex. (Doc. 1, at 9-10.) Defendant argues that she has produced sufficient evidence showing the absence of a genuine issue of material fact on the pain

medication claim and that Plaintiff has failed to produce evidence to create a genuine issue of material fact as to this claim. (Doc. 95-2, at 13.)

To establish an Eighth Amendment deliberate indifference claim, the plaintiff must show that the individual defendant purposefully ignored his serious medical needs. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). "First, there must be a demonstration that the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). Second, the Court must "look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay, or intentionally interfere with medical treatment.'" Id. (citing Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)). The state of mind necessary for deliberate indifference is akin to the "subjective recklessness" standard used in criminal law. Farmer v. Brennan, 511 U.S. 825, 839 (1994). "This 'subjective approach' focuses only 'on what a defendant's mental attitude actually was.'" Toguchi, 391 F.3d at 1057 (quoting Farmer, 511 U.S. at 839). Moreover, "to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (citation omitted).

Here, Defendant Pasha has shown that there is an absence of evidence to support the essential elements of Plaintiff's Eighth Amendment deliberate indifference claim. Plaintiff's pleading states that Defendant Pasha deprived him sufficient and appropriate pain medication. More specifically, Plaintiff has claimed that Defendant Pasha unconstitutionally delayed giving him the pain medication Celebrex. However, Defendant Pasha has produced a record before this Court showing that she has not withheld pain medication from Plaintiff while he was under her care from January 3, 2006 through early

September 2006.  From January through May, Defendant Pasha has shown that Plaintiff received a specified dosage of ibuprofen for his knee pain to be taken as needed. Although Plaintiff ran out of pills at certain points during that period and had to file complaints with the prison administration to receive another supply, the record shows that Plaintiff took more than the recommended dosage of two Motrin (ibuprofen) pills a day as needed and sometimes consumed six to eight pills a day.  Plaintiff also claims that he should have been given Celebrex instead of ibuprofen to medicate his pain as soon as he arrived at RJDCF.  But his 602 appeal filed in January, 2006 does not mention this drug but indicates his desire for more ibuprofen.  The defense has demonstrated that Plaintiff first made Defendant Pasha aware of his need for Celebrex on May 11, 2006 and that he received a dosage of this particular medication that very day from her.  In addition to knee pain, Plaintiff claims that his neck pain was not properly medicated; however, the record indicates that Plaintiff received ibuprofen as he requested and, when that was shown not to work, eventually received cortisone shots.  Although Plaintiff claims that he was given medication that failed to work and the delay in receiving proper pain medication demonstrates deliberate indifference on the part of Defendant Pasha, Plaintiff has failed to produce evidence that the initial course of treatment that failed fully to treat his pain was medically unacceptable under the circumstances and was chosen in conscious disregard of his health.  As Defendant has met her burden on summary judgment demonstrating an absence of a genuine issue of material fact as to the Eighth Amendment pain medication claim and Plaintiff has failed to produce evidence demonstrating that a genuine issue of material fact exists creating a need for a trial, the Court recommends summary judgment of this Eighth Amendment claim in favor of Defendant Pasha.

## V. CONCLUSION

For the reasons set forth above, the Court recommends GRANTING Defendant's motion for partial summary judgment.

This Report and Recommendation is submitted to United States District Judge William Hayes, pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.

IT IS ORDERED that, **no later than October 15, 2009**, any party may file written objections to this Report and Recommendation. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be filed **on or before October 26, 2009**. The parties are advised that failure to file either of these documents within the specified time periods may waive the right to raise objections to the magistrate judge's findings of fact. See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).

DATED: September 28, 2009

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: District Judge Hayes; all parties of record