1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

REGINALD GARY,

                                    Plaintiff,

        vs.

K. HAWTHRON; K. DUMAS; SUSAN
PASHA; ROBERT HERNANDEZ;
ARNOLD SCHWARZENEGGER;
JAMES E. TILTON; and C. MARSH,

                                    Defendants.

CASE NO. 06cv1528-WQH-PCL

**ORDER**

HAYES, Judge:

        The matter before the Court is the Report and Recommendation of Magistrate Judge Peter C. Lewis (Doc. # 107), filed on September 28, 2009, recommending that the Court grant the Motion for Partial Summary Judgment filed by Defendant Susan Pasha (Doc. # 95).

                                    **BACKGROUND**

        On July 25, 2006, Plaintiff Reginald Gary, a pro se state prisoner currently incarcerated at Avenal State Prison, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). The sole remaining claims in this action concern Plaintiff's allegations that Defendant Pasha, a nurse practitioner, violated Plaintiff's Eighth Amendment rights while he was an inmate at R.J. Donovan Correctional Facility ("RJDCF").[1] Plaintiff alleges that (1) Pasha ignored Plaintiff's needs for pain medication, particularly for the drug Celebrex, between January and early

_____

[1]   In an Order dated September 19, 2007, the Court dismissed Defendants Robert Hernandez, James E. Tilton and Arnold Schwarzenegger. (Doc. # 44). In an Order dated April 3, 2008, the Court dismissed Defendants K. Hawthron, K. Dumas and C. Marsh. (Doc. # 59).

September 2006; and (2) Pasha ignored Plaintiff's needs for asthma medication during the same period.

On June 4, 2009, Pasha filed a Motion for Partial Summary Judgment, seeking summary judgment as to Plaintiff's claim that Pasha ignored Plaintiff's need for pain medication. According to Pasha, because there are "disputed facts in relation to the asthma medication issues ..., such matters are not addressed in this motion for summary judgment." (Doc. # 95-1 at 5).

Pasha attached evidence to her Motion for Partial Summary Judgment. This evidence shows the following: Pasha, who worked at the prison as a Registered Nurse and Family Nurse Practitioner, began her participation in Plaintiff's medical treatment on January 3, 2006 (Pasha Decl. ¶¶ 1, 3, Doc. # 95-4); on January 3, 2006, Pasha prescribed Plaintiff 800 mg tablets of Motrin (i.e., ibuprofen) for pain for a one-month period (*id*. ¶ 4); on February 27, 2006, Pasha again prescribed Plaintiff 800 mg tablets of Motrin for pain for a one-month period, and ordered X-rays be taken of Plaintiff's left knee (*id*. ¶ 5; *see also* Baxter Decl., Ex. C, Doc. 95-3 at 119); on March 3, 2006, Pasha examined Plaintiff's left knee, which was the source of his complaints of pain, and gave Plaintiff "a supply of Motrin to help him with pain symptoms while he waited for the pharmacy to fill his one-month supply of Motrin that had been ordered on February 27, 2006" (Pasha Decl. ¶ 6, Doc. # 95-4); on March 20, 2006, Pasha reviewed and signed a March 8, 2006 X-ray report issued by Dr. Scott Harman, which concluded that Plaintiff had a "[n]ormal left knee," with "no osseous or soft tissue abnormalities" (*id.* ¶ 9; *see also* Baxter Decl., Ex. A, Doc. # 95-2 at 10); on April 4, 2006, Pasha entered a request for Plaintiff "to receive an orthopedic referral for his knee pain" (Pasha Decl. ¶ 11, Doc. # 95-4); on May 11, 2006, Pasha recommended that Plaintiff receive a six-month supply of Celebrex pills for pain management and Pasha "put in a request that [Plaintiff] be seen by a pain specialist and receive cortisone injections for his neck pain" (*id*. ¶¶ 13-14; *see also* Baxter Decl., Ex. A, Doc. # 95-2 at 30, 36; Baxter Decl., Ex. C, Doc. 95-3 at 120); on May 12, 2006, June 9, 2006, July 7, 2006, August 4, 2006, and September 1, 2006, Plaintiff received Celebrex from the pharmacy pursuant to Pasha's prescription (Baxter Decl., Ex. C, Doc. 95-3 at 120-22);

on June 26, 2006, Pasha signed consultation notes provided by Dr. Naga R. Thota, an outside

pain specialist, who recommended Plaintiff receive three epidural injections for Plaintiff's neck

pain (Pasha Decl. ¶ 16, Doc. # 95-4; *see also* Baxter Decl., Ex. A, Doc. # 95-2 at 36); and on

June 27, 2006, Pasha entered an order for Plaintiff to receive three epidural injections for his

neck pain (Pasha Decl. ¶ 16, Doc. # 95-4; *see also* Baxter Decl., Ex. A, Doc. # 95-2 at 40).

On June 15, 2009, the Magistrate Judge issued a "*Klingele/Rand* Notice," advising

Plaintiff:

> When a party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you cannot
> simply rely on what your complaint says. Instead, you must set out specific
> facts in declarations, depositions, answers to interrogatories, or authenticated
> documents, as provided by Rule 56(e), that contradict the facts shown in the
> Defendants' declarations and documents and show that there is a genuine issue
> of material fact for trial. If you do not submit your own evidence in opposition,
> summary judgment, if appropriate, may be entered against you. If summary
> judgment is granted, your case will be dismissed without trial (or partly
> dismissed if another triable claim remains).

(Doc. # 96 at 2).

On August 3, 2009, Plaintiff filed an opposition brief to the Motion for Partial Summary

Judgment. (Doc. # 106). Plaintiff did not submit evidence with his opposition brief.

On September 28, 2009, the Magistrate Judge issued the Report and Recommendation,

which recommends that this Court grant the Motion for Partial Summary Judgment. (Doc. #

107). The Report and Recommendation states:

> Defendant Pasha has shown that there is an absence of evidence to support the
> essential elements of Plaintiff's Eighth Amendment deliberate indifference
> claim. Plaintiff's pleading states that Defendant Pasha deprived him sufficient
> and appropriate pain medication. More specifically, Plaintiff has claimed that
> Defendant Pasha unconstitutionally delayed giving him the pain medication
> Celebrex. However, Defendant Pasha has produced a record before this Court
> showing that she has not withheld pain medication from Plaintiff while he was
> under her care from January 3, 2006 through early September 2006. From
> January through May, Defendant Pasha has shown that Plaintiff received a
> specified dosage of ibuprofen for his knee pain to be taken as needed. Although
> Plaintiff ran out of pills at certain points during that period and had to file
> complaints with the prison administration to receive another supply, the record
> shows that Plaintiff took more than the recommended dosage of two Motrin
> (ibuprofen) pills a day as needed and sometimes consumed six to eight pills a
> day. Plaintiff also claims that he should have been given Celebrex instead of
> ibuprofen to medicate his pain as soon as he arrived at RJDCF. But his 602
> appeal filed in January, 2006 does not mention this drug but indicates his desire
> for more ibuprofen. The defense has demonstrated that Plaintiff first made
> Defendant Pasha aware of his need for Celebrex on May 11, 2006 and that he

received a dosage of this particular medication that very day from her.  In addition to knee pain, Plaintiff claims that his neck pain was not properly medicated; however, the record indicates that Plaintiff received ibuprofen as he requested and, when that was shown not to work, eventually received cortisone shots.  Although Plaintiff claims that he was given medication that failed to work and the delay in receiving proper pain medication demonstrates deliberate indifference on the part of Defendant Pasha, Plaintiff has failed to produce evidence that the initial course of treatment that failed fully to treat his pain was medically unacceptable under the circumstances and was chosen in conscious disregard of his health.  As Defendant has met her burden on summary judgment demonstrating an absence of a genuine issue of material fact as to the Eighth Amendment pain medication claim and Plaintiff has failed to produce evidence demonstrating that a genuine issue of material fact exists creating a need for a trial, the Court recommends summary judgment of this Eighth Amendment claim in favor of Defendant Pasha.

(Doc. # 107 at 7-8).

On October 15, 2009, Plaintiff filed objections to the Report and Recommendation. (Doc. # 108).  Plaintiff contends that he "was prejudiced by not receiving the discovery requested by subpoena ... of how many medical complaints had been filed against Susan Pasha."  (Doc. # 108 at 3).  Plaintiff contends that he received Celebrex at Ironwood State Prison, where he was housed prior to his transfer to RJDCF, and "Pasha should have reviewed and ordered the same care, not given [Plaintiff] something that wasn't given at the other prison (ibuprofen)."  (Doc. # 108 at 4).  Plaintiff contends that he "never received any Celebrex from Susan Pasha."  *Id.*  Plaintiff also makes arguments related to his claim that Pasha ignored Plaintiff's needs for asthma medication, which is not the subject of the Motion for Partial Summary Judgment.  (Doc. # 108 at 5).

## RULING OF THE COURT

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made."  28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

The Court has considered all objections filed by Plaintiff and reviewed de novo all portions of the Report and Recommendation.  The Report and Recommendation correctly sets forth the standard of review for motions for summary judgment.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Report and Recommendation also correctly sets forth the applicable law related to Eighth Amendment deliberate indifference claims.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("To establish an Eighth Amendment violation, a prisoner must satisfy both the objective and subjective components of a two-part test.  First, there must be a demonstration that the prison official deprived the prisoner of the minimal civilized measure of life's necessities.  Second, a prisoner must demonstrate that the prison official acted with deliberate indifference in doing so.") (quotations omitted).  The Report and Recommendation correctly finds that Pasha met her burden of demonstrating the absence of a genuine issue of material fact as to the Eighth Amendment pain medication claim.  The Report and Recommendation also correctly finds that Plaintiff has failed to produce evidence demonstrating that a genuine issue of material fact exists as to the Eighth Amendment pain medication claim.

Plaintiff objects to the denial of his motion to compel production of other inmate "medical complaints" against Pasha.  (Doc. # 108 at 3).  The Court has reviewed Plaintiff's motion to compel (Doc. # 92) and the Magistrate Judge's order denying the motion to compel (Doc. # 103).  The Court finds that the Magistrate Judge properly denied the motion to compel.  Additionally, Plaintiff has failed to demonstrate how evidence of other inmate complaints against Pasha would establish a genuine issue of material fact as to the objective component of Plaintiff's Eighth Amendment claim, i.e., whether Pasha "deprived [Plaintiff] of the minimal civilized measure of life's necessities."  *Toguchi*, 391 F.3d at 1057 (quotation omitted).

In his objections, Plaintiff contends that Pasha initially should have prescribed him Celebrex instead of ibuprofen because he received Celebrex at his previous prison.  Pasha has submitted uncontroverted evidence that she was never "made aware of any medical records or other information from professional medical sources indicating that [Plaintiff] could only reasonably be treated with Celebrex...."  (Pasha Decl. ¶ 13, Doc. # 95-4).  Pasha has also

submitted evidence that both ibuprofen and Celebrex are classified as a "Non Steroidal Anti-inflammatory Drug," and ibuprofen "is recognized in the medical community as an effective pain medication." *Id.*

Plaintiff contends that he "never received any Celebrex from Susan Pasha." (Doc. # 108 at 4). However, Plaintiff has failed to submit any evidence which contradicts Pasha's affidavit to the contrary, as well as the medical records and pharmacy records indicating that after May 11, 2006, Plaintiff received Celebrex pursuant to Pasha's prescription.

The Court finds that Plaintiff's objections should be overruled, and the Report and Recommendation should be adopted.

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. # 107) is **ADOPTED** in its entirety; and the Motion for Partial Summary Judgment (Doc. # 95) is **GRANTED**.

DATED: December 9, 2009

**WILLIAM Q. HAYES**
United States District Judge